UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GEORGE W.,

                Plaintiff,

v.                                              CASE # 20-cv-01429

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>Counsel for Plaintiff<br>600 North Bailey Ave<br>Suite 1A<br>Amherst, NY 14226 | JEANNE E. MURRAY, ESQ.<br>KENNETH R. HILLER, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br> Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | CHRISTOPHER N. HURD, ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is DENIED, the defendant's motion for judgment on the administrative record is GRANTED, and the decision of the Commissioner is AFFIRMED.

I.      **RELEVANT BACKGROUND**

A.      **Factual Background**

Plaintiff was born on April 10, 1958, and has at least a high school education. (Tr. 231, 385). Generally, plaintiff's alleged disability consists of neurological problems, transient ischemic attacks, seizures, memory loss, anxiety, depression and high blood pressure. (Tr. 384). His alleged onset date of disability is October 15, 2015 and date last insured was December 31, 2020. (Tr. 380-81).

B.      **Procedural History**

On October 26, 2017, plaintiff applied for a period of Disability Insurance Benefits (SSD) under Title II of the Social Security Act and also for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. (Tr. 232, 246). Plaintiff's applications were initially denied, after which he timely requested a hearing before an Administrative Law Judge (ALJ). On September 5, 2019, plaintiff appeared before ALJ Benjamin Chaykin. (Tr. 34-61). On October 30, 2019, ALJ Chaykin issued an unfavorable decision finding plaintiff was not disabled under the Social Security Act. (Tr. 13-26). On August 6, 2020, the Appeals Council (AC) denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-3). Thereafter, plaintiff timely sought judicial review in this Court.

C.      **The ALJ's Decision**

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2020.
2. The claimant has not engaged in substantial gainful activity since October 15, 2015, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: affective disorder (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: (1) limited to simple, routine, and repetitive tasks, (2) limited to occasional changes in the work setting, and (3) the claimant can sustain concentration and persistence for periods of two hours at a time.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on April 10, 1958 and was 57 years old, which is defined as an individual of advanced age, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969 and 416.969a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from October 15, 2015, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 13-26)

## II.   THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.   Plaintiff's Arguments

Plaintiff makes two arguments in support of his motion for judgment on the pleadings. First, plaintiff argues the Appeals Council failed to properly evaluate the new and material opinion

evidence from Dr. Ajtai. Second, the ALJ failed to reconcile the RFC with Dr. Marks' opinion and failed to make findings regarding plaintiff's stress. (Dkt. No. 12 at 1 [Plaintiff's Mem. Of Law]).

### B. Defendant's Arguments

In response, defendant argues the Appeals Council correctly found that Dr. Ajtai's opinion was unlikely to change the outcome of the decision. (Dkt. No. 14 at 10 [Defendant's Mem. of Law]). Defendant also argues the RFC fully incorporated all of Dr. Marks' limitations and plaintiff identified no evidence that he was incapable of performing work consistent with the RFC due to stress. (*Id.* at 15).

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where

evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.      Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

IV.    **ANALYSIS**

    **A. Evidence to Appeals Council**

On June 18, 2020, plaintiff submitted a medical source statement, completed by Dr. Ajtai, to the Appeals Council (AC). The Appeals Council found that the medical source statement did not have a reasonable probability of changing the Commissioner's decision. (Tr. 1).

As an initial matter, under 20 C.F.R. § 416.912 "Responsibility for evidence," the regulations outline plaintiff's responsibility and the Social Security Administration's responsibility relating to evidence in a plaintiff's claim. *See* 20 C.F.R. §§ 416.912(a) ("Your responsibility"), 416.912(b) ("Our responsibility"). Plaintiff "must inform [the Administration] about or submit all evidence known to [him] that relates to whether or not [he is] blind or disabled." *Id.* § 416.912(a). Plaintiff's duty "is ongoing" and requires plaintiff "to disclose any additional related evidence about which [he] become[s] aware." *Id.* Plaintiff's duty applies at each level of the administrative review process, including the Appeals Council level if the evidence relates to the period on or before the date of the administrative law judge hearing decision. *Id.*

The questionnaire answered by Dr. Ajtai was signed August 9, 2019, which was about a month prior to the hearing and over two months prior to the October 30, 2019, decision. Plaintiff's attorney submitted a cover sheet with Dr. Ajtai's completed questionnaire clarifying that the attached medical source statement was created by him then provided directly to the provider and/or given to claimant to have completed by the medical source, therefore acknowledging they knew it was requested and completed. (Tr. 63). There is no explanation from plaintiff or his representative why the statement from Dr. Ajtai was not submitted to the ALJ at the time of its completion or even with their brief to the AC in November 2019. (Tr. 348, 457). For whatever reason, plaintiff's representative held onto this evidence, which was created at his request, for ten months before

submitting it for consideration. Despite plaintiff's failure in complying with his responsibilities to timely turnover evidence, the Court will address his arguments.

The Court has previously summarized the duties of the Appeals Council, and the Court's role in reviewing a decision by the Appeals Council:

> Once evidence is added to the record, the Appeals Council must then consider the entire record, including the new evidence, and review a case if the "administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. § 404.970(b). If the Appeals Council denies review of a case, the ALJ's decision, and not the Appeals Council's, is the final agency decision.

*Lesterhuis v. Colvin*, 805 F.3d 83, 87 (2d Cir. 2015) (citation omitted). On the other hand, the AC does not err by declining to review an ALJ's decision and is not required to give a detailed explanation for its decision, when the newly-submitted evidence does not dramatically alter the weight of the evidence. *See, Bushey v. Colvin*, 8:11-CV-00031-RFT (N.D.N.Y.), affirmed, 552 F. App'x 97, 98 (2d Cir. Jan. 29, 2014) ("We do not believe that the Appeals Council erred by refusing to review the ALJ's decision in light of the new evidence that Bushey submitted to that body. The Appeals Council had substantial evidence supporting its decision to decline review, as the new evidence that Bushey presented did not alter the weight of the evidence so dramatically as to require the Appeals Council to take the case.") *Davis v. Colvin*, No. 15-CV-6082 CJS, 2016 WL 385183, at *6 (W.D.N.Y. Feb. 2, 2016).

Accordingly, the issue before the Court is whether the new evidence cited above "altered the weight of the evidence so dramatically as to require the Appeals Council to take the case." *Bushey*, 552 F. App'x at 98. Notably, plaintiff applied for benefits after March 27, 2017, and therefore the new set of regulations for evaluating medical evidence applies, which differs substantially from prior regulations. On January 18, 2017, the agency published revisions to its regulations regarding the evaluation of medical evidence. *See* Revisions to Rules Regarding the

Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017) (technical errors corrected by 82 Fed. Reg. 15,132 (Mar. 27, 2017)). Therefore, prior case law from the Court holding the AC must give reasons for the weight accorded to an opinion for consideration of post-hearing material is not applicable to this case. Under the new regulations, the supportability and consistency of the opinion are the two most important factors for assessing its persuasiveness. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The supportability factor means the more relevant the objective medical evidence and supporting explanations presented by the source to support their opinions, the more persuasive the opinions will be. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). The consistency factor looks at how consistent the opinion is with medical evidence from other medical sources. 20 C.F.R.§§ 404.1520c(c)(2), 416.920c(c)(2).

Dr. Ajtai's medical statement form was not submitted with any medical evidence or supporting explanations for limitations opined. (Tr.64-68). The only impairment Dr. Ajtai diagnosed on the form was "memory deficit" with symptoms of cognitive limitations, anxiety/depression, and memory impairments. (Tr. 64). She stated that plaintiff's cognition was slow, he was forgetful, and he had difficulties multitasking. *Id*. These statements do not support her opined severe limitations. *See* 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). Dr. Ajtai's treatment notes in the administrative record also do not contain medical evidence supporting the limitations. For example, two months prior to the opinion, in June 2019, Dr. Ajtai reported, "With regards to his cognition and memory difficulties, his performance on the cognitive testing remains excellent." (Tr. 655). This contradicts her opinion on the medical statement form that plaintiff was limited due to cognition and memory difficulties. (*Compare* Tr. 64 *with* 655). Notably, the ALJ cited Dr. Ajtai's findings of excellent cognitive tests three times in the decision as evidence

plaintiff's reported memory deficits were not inconsistent with the RFC. (Tr. 19, 20, 22 *citing* 655).

Dr. Ajtai's limitations were also inconsistent with other evidence in the record. *See* C.F.R.§§ 404.1520c(c)(2), 416.920c(c)(2). At the January 2018 psychological consultative examination plaintiff demonstrated intact recent and remote memory as well as intact attention and concentration. (Tr. 20 *citing* 537). Based on this examination, Dr. Santarpia concluded plaintiff had no limitations remembering simple instructions and directions, sustaining concentration, and sustaining an ordinary routine and regular attendance. (Tr. 537). Similarly, Dr. Marks assessed plaintiff with only moderate limitations in remembering information and maintaining concentration. (Tr. 23 citing 237, 251). In reaching this conclusion, Dr. Marks noted neurological testing in August 2018 showed plaintiff's cognition and memory were in the normal range. (Tr. 238, 252 referring to 467). The ALJ also noted that normal examinations from plaintiff's counselors were "inconsistent with [plaintiff's] allegations of memory loss and concentration difficulties." (Tr. 23 *citing, e.g.*, 612 (short- and long-term memory intact), 616 (same), 618 (same)).

Dr. Ajtai's opinion was not supported and not consistent with other evidence of record, therefore rendering it not persuasive under the governing regulations. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Plaintiff has failed to show a reasonable probability that it would have changed the outcome of the decision. Moreover, as the cases cited by plaintiff demonstrate, where the Appeals Council denies review based on new evidence, the reviewing court must consider if the ALJ's decision was supported by substantial evidence in light of the newly added evidence. *See* Dkt. No. 12 at 14-18 citing, *e.g.*, *Redic v. Comm'r of Soc. Sec.*, No. 18-cv-6225,

2019 WL 1512556, at *3 (W.D.N.Y. Apr. 8, 2019), *Webster v. Colvin*, 215 F. Supp. 3d 237, 244 (W.D.N.Y. 2016).

The ALJ's decision is affirmed under this analysis because it is supported by substantial evidence even in light of Dr. Ajtai's opinion. As discussed above, Dr. Ajtai's limitations were unsupported by medical evidence or explanations, and indeed were contradicted by her own findings from only two months earlier. (Tr. 655). Further, the opinion was inconsistent with the findings of Dr. Marks and Dr. Santarpia (Tr. 237, 251, 537), as well cognitive testing in the normal range (Tr. 238, 252 referring to 467), and mental status examinations from plaintiff's counselors who repeatedly noted intact short- and long-term memory. (Tr. 23 citing, *e.g.*, 612, 616, 618). In sum, remand for further consideration of Dr. Ajtai's opinion is not warranted.

## B. Dr. Marks Opinion and Stress Limitations

Next plaintiff contends the ALJ failed to incorporate Dr. Marks' finding that plaintiff has some difficulty adapting when under stress. (Dkt. No. 12 at 19-20). Dr. Marks opined plaintiff had mild limitations in adapting and managing oneself. (Tr. 237, 251). In assessing plaintiff's specific adaptation limitations, Dr. Marks found he was moderately limited in responding appropriately to changes in the work setting but was not significantly limited in the other areas of adaptation. (Tr. 241, 255). In explaining the rationale for this limitation, he stated that plaintiff "has some difficulty adapting when under stress but would be able to cope with workplace changes and set goals." *Id*. The ALJ found this opinion mostly persuasive, however he concluded the record supported slightly *greater* limitations in some areas, including overall moderate limitations in adapting and managing oneself. (Tr. 23). Notably, the RFC limited plaintiff to simple, routine, and repetitive tasks with only occasional changes in the work setting. (Tr. 21).

A review of Dr. Marks report indicates the comment regarding stress was the narrative explanation for the adaptation limitation. (Tr. 241, 255). The ALJ limited plaintiff to only occasional changes in the work setting and plaintiff has not shown his stress resulted in any limitations beyond those moderate limitations in the RFC. (Tr. 21). Furthermore, plaintiff's argument that the ALJ needed specific findings regarding his stress is also not supported by the record. (Dkt. No. 12 at 20-22). Dr. Marks' statement that plaintiff "has some difficulty *adapting* when under stress" is the narrative explanation for his adaptation limitations not a specific limitation to all stress. (Tr. 241, 255 (emphasis added)). Although a stress limitation is not explicitly referenced, an RFC determination may adequately account for a claimant's stress-related limitations. *See Herb v. Comm'r of Soc. Sec.*, 366 F. Supp. 3d 441, 447 (W.D.N.Y. 2019) ("[A]n RFC limiting a plaintiff to occasional interaction with co-workers and the public, and to the performance of simple, routine tasks, may account for the plaintiff's stress-related limitations."). This Court can glean the ALJ's rationale to include Dr. Marks' limitations by the inclusion of the limitation to only occasional changes in the work setting. *See Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983) (holding that when ""the evidence of record permits us to glean the rationale of the ALJ's decision, we do not require that he have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability.")

The stressors discussed in the record are predominantly related to plaintiff's legal issues, not workplace concerns. *See*, *e.g.*, Tr. 481 ("there is likely significant depression and anxiety in the background of these due to the ongoing legal problems he is facing"); 655 ("[Plaintiff's] presentation is dominated by his depression and anxiety, for the most part stemming from his legal troubles…"). Dr. Marks did not indicate plaintiff's stressors created additional or more specific

11

limitations than found by the ALJ and plaintiff has not shown how stress related to his ongoing legal issues would impact his RFC. (Tr. 21). Indeed, ALJ Chaykin found greater limitations than opined by Dr. Marks but properly explained greater limitations in social interactions and remembering household tasks were supported by additional records. (Tr. 23). The ALJ's findings are supported by substantial evidence and remand for further consideration of Dr. Marks' opinion and any limitations related to stress is not warranted.

**ACCORDINGLY, it is**

> **ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is
>> **<u>DENIED</u>**; and it is further
>
> **ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 14) is
>> **<u>GRANTED</u>**.

Dated: August 11, 2022                    <u>*J. Gregory Wehrman*</u>

Rochester, New York                       HON. J. Gregory Wehrman

                                          United States Magistrate Judge